UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. 2:23-cv-1103

VINCENT RODRIGUEZ,
               Plaintiff,

       v.

COLLIER COUNTY, KEVIN RAMBOSK,
SLR NAPLES CORP., DELIANYS MORERA,
BRIAN N. SUDANO, MATTHEW PEREZ,
CCSO DOE 1, CCSO DOE 2, CCSO DOE 3,
CCSO DOE 4, STERGIOS TALLIDES.


           Defendants.
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Mr. Vincent Rodriguez, by and through the undersigned attorneys, for his Complaint against the Defendants, Collier County, Kevin Rambosk, SLR Naples Corp., Delianys Morera, Brian N. Sudano, Matthew Perez, CCSO DOE 1, CCSO DOE 2, CCSO DOE 3, CCSO DOE 4, and Stergios Tallides alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action, in which Plaintiff, Vincent Rodriguez ("Plaintiff" and/or "Rodriguez"), seeks relief and redress vis-à-vis sections 1981, 1983, 1985, 1986 and 1988, of title 42 to the Code of Laws of the United States, for injuries sustained due to the violations of his civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as the laws and constitution of the State of Florida.

2. The following claims arise from a November 29, 2020, incident, in which defendants, acting under color of state law, unlawfully arrested and detained Plaintiff without a judicially authorized warrant, probable cause or any other legal justification for Resisting an Officer without Violence, Disorderly Intoxication, and Public Place Cause Disturbance.

3. Plaintiff was subsequently maliciously prosecuted for one count of Resisting Officer without Violence, a First-Degree Misdemeanor, and one count of Disorderly Intoxication, Disorderly Intoxication Public Place Cause Disturbance, a Second-Degree misdemeanor. As a result, Plaintiff was wrongfully incarcerated for a prolonged period of time that extended beyond the attachment of legal process.

4. Plaintiff was maliciously prosecuted, until the criminal proceedings terminated in a Noelle Prosequi by the State.

5. The above referenced acts caused Plaintiff to be deprived of his liberty and to sustain various emotional, physical and pecuniary injuries.

6. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorney's fees, with all interest then accrued, together with such other and further relief as this Court may deem just and proper.

## **JURISDICTION**

7. This action arises under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, pursuant to sections 1981, 1983, 1985 and 1988, of title 42 to the Code of Laws of the United States, as well as the constitution and Laws of the State of Florida. 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

8.  The jurisdiction of this Court is predicated upon sections 1331, 1343(a)(3) and (4), and 1367(a), of title 28 to the Code of Laws of the United States, and the doctrines of supplemental or pendant jurisdiction. 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a).

## **VENUE**

9.  Venue is laid within the Middle District of Florida, in that Defendant Collier County is located within and a substantial part of the events giving rise to the instant claims occurred within the boundaries of the Middle District of Florida. 28 U.S.C. § 1391 (b) and (c).

## **PARTIES**

10. Plaintiff, Vincent Rodriguez, is a thirty-one (31) year old Hispanic Male, who currently resides in Virginia.

11. Collier County ("County"), is a subdivision of the State of Florida, created and authorized pursuant to the laws and Constitution of the State of Florida. Collier County is authorized by Florida law to maintain a Sheriff's Office, known as the Collier County Sheriff's Office ("CCSO"), which serves as the means by which Defendant County fulfills its policing responsibilities and function, and for which Defendant County is jointly responsible and liable, along with the Sheriff of Collier County, Defendant Kevin Rambosk.

12. At all times relevant hereto, the CCSO was responsible for the policy, practice, supervision, implementation, and conduct of all CCSO matters and was responsible for the appointment, hiring, training, supervision, discipline and retention and conduct of all CCSO personnel, including police officers, deputies, corporals, detectives, and supervisory officers as well as the individually named CCSO Defendants herein.

13. In addition, at all times here relevant, Defendants, County and Kevin Rambosk were responsible for enforcing the rules of the CCSO, and for ensuring that the CCSO personnel obey the laws of the United States, the State of Florida, the County of Collier and the City of Naples.

14. Defendant, SLR Naples Corp. ("Cavo"), was, at all relevant times herein, a Florida for profit corporation, created and authorized to conduct business pursuant to the laws of Florida and the United States. Defendant Cavo has a principal address of 9108 Strada Place, #14120, Naples, Florida 34108 and is licensed or authorized to conduct business, and does operate a restaurant business, under the fictitious name of "Cavo Lounge," at 9108 Strada Place, #14120, Naples, Florida 34108. Defendant Cavo has a mailing and registered agent address of 9108 Strada Place, #14120, Naples, Florida 34108. The registered agent for Defendant Cavo is listed as Stergios Tallides by the Florida Secretary of State.

15. At all times relevant hereto, Defendant Cavo, acting through Defendant, Tallides, was responsible for the policy, practice, supervision, implementation, and conduct of all Cavo Lounge matters and was responsible for the appointment, hiring, training, supervision, discipline and retention and conduct of all Cavo Lounge personnel, including managers and security guards, as well as the hiring, training, supervision, and retention of police officers, sheriff's deputies, corporals, detectives, and supervisory officers, including the individually named CCSO Defendants herein, to provide additional security for Cavo Lounge in exchange for monetary compensation or other benefits.

16. In addition, at all times here relevant, Defendant Cavo was responsible for enforcing the rules of Defendant Cavo, and for ensuring that all Cavo personnel obey the laws of the United States, the State of Florida, the County of Collier and the City of Naples.

17. Defendant, Kevin Rambosk ("Rambosk"), was, at all relevant times herein, the Sheriff of Collier County and, as such, was acting in the capacity of an agent, servant and employee of Collier County. Defendant Rambosk enjoyed final policymaking authority with respect to public safety, policing and law enforcement matters for Collier County. Defendant Rambosk was, at all relevant times herein, responsible for the training, discipline, and supervision of all Collier County Sheriff's Office law enforcement personnel, including the named CCSO defendants herein. Defendant Rambosk, at all times relevant hereto, maintained an office located at 3319 Tamiami Trail East, Building J, Naples, Florida 34112. Defendant Rambosk is being sued in his individual and official capacities.

18. Defendants, Delianys Morera ("Morera"), Brian N. Sudano ("Sudano"), and Matthew Perez ("Perez"), were, at all relevant times herein, deputies, officers, corporals, detectives, sergeants or lieutenants, employed by the CCSO and/or Defendant Cavo and, as such, were acting as agents, servants and/or employees of the CCSO and/or Defendant Cavo. Defendants Morera, Sudano, and Perez were, at all relevant times herein. Defendants Morera, Sudano and Perez are being sued in their individual capacities.

19. Defendants, Defendants, CCSO Does 1-4, were, at all relevant times herein, deputies, police officers, corporals, detectives, sergeants, lieutenants or other supervisory officers or officials employed by the CCSO and Defendant Rambosk, and as such were acting in the capacities of agents, servants and employees of the CCSO and Defendant Rambosk. Defendants, CCSO Does 1-4, were, at all relevant times herein, deputies, police officers, corporals, detectives, sergeants, lieutenants or other supervisory officers or officials respectively. Defendants are being sued in their individual capacities.

20. Defendant, Stergios Tallides ("Tallides"), was, at all relevant times herein, the principal owner, shareholder, member, president, director or operator of Defendant Cavo and its alter ego, the fictitious entity known as "Cavo Lounge." Defendant Tallides enjoyed final policymaking authority with respect to the hiring, training, retention and supervision of all Cavo Lounge employees and security personnel.

21. Defendants Cavo and Tallides were the employers and/or supervisors to the individual CCSO defendants herein and provided the CCSO and the individually named CCSO defendants herein with monetary or other forms compensation, in addition to providing supervision or direction, while the individually named CCSO defendants were specially assigned to provide security for Defendant Cavo in consideration for monetary compensation and/or other benefits, pursuant to a written or verbal contract with the CCSO and/or Defendants County and/or Rambosk.

## **FACTUAL CHARGES**

22. On or about November 29, 2020, at approximately 1 a.m., Plaintiff and his brother, Brandon Rodriguez, were frequenting Cavo Lounge, located at 9108 Strada Place #14120, Naples, Florida, 34108.

23. Defendants Morera, Sudano, Perez and CCSO Does 1-4, of Defendant Cavo, were also present at the above location on said date and time.

24. At all times herein mentioned, Plaintiff was in obeyance of laws, local ordinances, rules and regulations.

25. After approximately ten (10) minutes of being inside Cavo, Michael, a man who was with Plaintiff and his brother, was asked to leave the establishment for belligerent behavior.

26. Outside Cavo, a police officer informed Plaintiff's friend Michael that he was trespassing at which point Vincent Rodriguez, went outside Cavo to check on Michael.

27. Plaintiff attempted to speak with CCSO DOEs 1-4, and inquire about what was going on with Michael.

28. At all times during his initial encounter outside Cavo Lounge with CCSO DOEs 1-4, Plaintiff was acting peacefully and in obeyance with the laws.

29. Morera, Sudano, Perez, CCSO DOEs 1-4 refused to answer Plaintiff's questions, and proceeded to push him aggressively towards the wall, and arrested Plaintiff without probable cause.

30. Morera, Sudano, Perez CCSO DOEs 1-4 proceeded to aggressively escort Plaintiff to the parking lot where the police cars were parked.

31. In the parking lot, Morera, Sudano, Perez, and CCSO DOEs 1-4 shoved Plaintiff into a police car, and proceeded to punch Plaintiff in the face. At no point was Plaintiff resisting arrest or acting violently towards Morera, Sudano, Perez, and/or CCSO DOEs 1-4.

32. Morera, Sudano, Perez, and/or CCSO DOEs 1-4 refused to inform Plaintiff why he was being arrested.

33. Plaintiff was then placed in a jail holding cell, and subsequently tortured by Officers with no justification. Specifically, Plaintiff was half-naked, covered in pepper spray, chained to the floor, and left to suffer the burns for an indiscriminate period of time.

34. Despite Plaintiff's subsequent pleas to receive medical attention, his requests for medical treatment were denied.

35. Due to the serious nature of the baseless charges alleged, bail was set in the amount of Eight Thousand USD ($8,000.00).

36. As a result of the baseless arrest/charges, Plaintiff was detained against his will after the issuance of legal process.

37. Plaintiff never made unlawful contact with any individual, including Defendants Morera, Sudano, Perez, or CCSO DOEs 1-4.

38. Plaintiff never offered any resistance to any defendant, including Morera, Sudano, Perez, or CCSO DOEs 1-4, prior to, or during, his arrest by Defendants.

39. Defendants Morera, Sudano, Perez, or CCSO DOEs 1-4 never observed Plaintiff commit any crimes or violations of the law.

40. Defendants Morera, Sudano, Perez, or CCSO DOEs 1-4 were never informed by any witness that Plaintiff committed any crimes or violations of the law.

41. Defendants including Morera, Sudano, Perez, and CCSO DOEs 1-4 and each submitted knowingly false sworn statements or testimony regarding the interaction of Plaintiffs with Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4.

42. The truthful accounts, as well as the video evidence, directly and indisputably contradict the sworn statements and testimony of defendants, including Morera, Sudano, Perez, and/or CCSO DOEs 1-4.

43. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, knowingly and intentionally engaged in the suppression of exculpatory evidence, so that Plaintiff would be prosecuted for crimes they were fully aware he did not commit or even attempt to commit.

44. Defendant Rambosk was immediately apprised of the facts and circumstances surrounding Plaintiff's arrest and detainment pursuant to the aforementioned flagrant uses of excessive force and weaponry by defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4 because it involved  felonious batteries being committed against two members of the CCSO and resulted

in serious physical injuries to an innocent civilian, Plaintiff, immediately outside the entrance of private entity who had contractually engaged the service of the CCSO to prevent such occurrences.

45. As such, Defendant Rambosk personally directed his deputy sheriff employees to levy all fault and blame for the occurrence of said incident on Plaintiff, despite being fully aware that Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, were the true causes of the fiasco by virtue of their immense incompetence, violently dangerous demeanors and complete ignorance of the laws they are being paid to enforce.

46. Defendant Rambosk evaluated the evidence against Plaintiff, the video surveillance, all arrest reports and personal debriefings of all officers, who were present for the incident.

47. Defendant Rambosk, upon reviewing all the evidence, or lack thereof, against Plaintiff, nonetheless decided to approve, authorize, ratify or order Plaintiff's continued unlawful imprisonment and forwarding of incriminatory evidence to prosecutors.

48. Defendant Rambosk embarked on such a nefarious trajectory to justify his officer employees' presence at the arrest location, while still on active duty and being paid with Collier County tax dollars, yet also suspiciously being compensated by a private enterprise and private citizens to serve a private need.

49. Defendant Rambosk would not otherwise be able to explain or justify the clearly excessive law enforcement presence at a private establishment that is situated on private property, within a nearly crime-free area.

50. Defendant Rambosk has openly instituted, maintained and supported a corrupt and constitutionally deleterious policy or custom, within the CCSO, that permits and even encourages its employee law enforcement officers to work concurrently, as glorified nightclub

bouncers, for private corporations and citizens, with the full knowledge that placing his employee deputies in such a situation, would lead to instances, where the civil rights of law-abiding citizens, would become secondary to the private whims and desires of private enterprise.

51. Defendant Rambosk maintained a system of review of complaints of excessive use of force by his officers which has failed to identify the use excessive force by his officers and subject those officers who use excessive force to discipline or close supervision or re-training such that it has become the de facto policy and custom of Defendant County and Rambosk to tolerate the use of excessive force by officers and thereby causing officers, such as Morera, Sudano, Perez, and/or CCSO DOEs 1-4, to believe such conduct is permissible.

52. The CCSO has been the repeated focus of news making stories on the abuse of police discretion, false statements, excessive force, and failure to discipline officers, including but not limited to incidents such as:

    a. Naples Daily News article, titled "Sheriff's Office Did Not Investigate Deputy Whose Statements Did Not Match Surveillance", regarding a similar incident to the one alleged herein in December 2017 of alleged police misconduct https://www.naplesnews.com/story/news/crime/2019/09/20/collier-countyhttps://www.naplesnews.com/story/news/crime/2019/09/20/collier-county-sheriffs-office-never-investigated-deputy-whose-statements-did-not-match-surveillance/2338818001/sheriffs-office-never-investigated-deputy-whose-statements-did-not-matchhttps://www.naplesnews.com/story/news/crime/2019/09/20/collier-county-sheriffs-office-never-investigated-deputy-whose-statements-did-not-match-surveillance/2338818001/surveillance/2338818001/

    b. Naples Daily News article, titled Federal lawsuit claims wrongful arrest, false statements by Collier County Sheriff's deputies, https://www.naplesnews.com/story/news/crime/2019/09/13/lawsuit-claimswrongful-arrest-false-statements-ccso-deputies/2309492001/

    c. A May 2017, similar incident to one alleged herein, at Mercato, involving excessive force and submitted false statements in. JEAN MILFORT and TIFFANY MILFORT v COLLIER COUNTY et al., Case No. 2:21-cv-366SPC. A July 5, 2017, an incident involving the use of excessive force and false statements

by CCSO deputies. ANTHONY DENSON, Jr., v. COUNTY OF COLLIER et al., Case No. 2:21-cv-00497-JES-NPM

d.  Fox 4 Southwest Florida article, titled Family files lawsuit Against Collier County Sheriff's                    Office,                    https://www.fox4now.com/news/local-news/familyhttps://www.fox4now.com/news/local-news/family-files-lawsuit-against-collier-county-sheriffs-officefiles-lawsuit-against-collier-county-sheriffs-office.

e.   A July 15, 2017, at Cavo Lounge, involving the use of excessive force and false statements by CCSO deputies. JORGE SANGUINETTI v COLLIER COUNTY et al., Case No. 2:21-cv-529-JLB-MRM

f.  A June 8, 2020, incident involving the use of excessive force and false statements by CCSO deputies. MEDA CHINGAREV v KEVIN RAMBOSK et al., Case No: 2:22-cv-494

53. Defendant Rambosk, instead of notifying prosecutors or ordering Plaintiff's immediate release from custody, chose to knowingly approve the false arrest reports and have them forwarded to prosecutors, so that Plaintiff would remain unlawfully incarcerated and be subjected to malicious prosecution.

54. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, engaged in sinister behavior, because despite all of defendants' strenuous efforts to suppress exculpatory evidence and submit fabricated inculpatory evidence to prosecutors, Plaintiff was eventually exonerated, as said efforts fell short of constituting an actual crime or violation of the law. The fact that such a readily discernible determination required months to flesh out, is nothing short of outrageous and should invite a multitude of investigations upon the CCSO, Sheriff Rambosk and Collier County.

55. Upon information and belief, Defendant Rambosk authorized and approved of Plaintiff's arrest, despite the clear absence of probable cause to believe any crime was committed and clear evidence that Defendants Morera, Sudano, and Perez, acted unreasonably in their use of excessive force against Plaintiff.

56. Predicated on the false sworn statements offered by Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, namely that Plaintiff intentionally took an aggressive stance towards Defendant Morera, Sudano, Perez, and/or CCSO DOEs 1-4, or was observed to be resisting a lawful arrest with or without violence, Plaintiff was arrested, criminally charged for resisting an arrest without violence and for disorderly intoxication.

57. Accordingly, Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, lacked probable cause to arrest Plaintiff for the crimes alleged against him, resisting arrest without violence and disorderly intoxication.

58. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, each submitted sworn statements to the State Attorney's Office that were bereft of any indication that Plaintiff was intoxicated at any point prior to, during, or even after his arrest.

59. Defendants, including Morera, Sudano, Perez, and/or CCSO DOEs 1-4, never observed Plaintiff drinking any alcoholic beverages.

60. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, were never informed by any witnesses that Plaintiff was intoxicated, that he was drinking alcoholic beverages or that he was inside an establishment that served alcoholic beverages.

61. Plaintiff was not intoxicated at any point prior to, during, or after his unlawful arrest by Morera, Sudano, Perez, and/or CCSO DOEs 1-4. Accordingly, Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, lacked probable cause to arrest Plaintiff for Disorderly Intoxication.

62. Plaintiff had his bail set in the amount of Eight Thousand USD ($8,000.00), which he was able pay, via a bail bonds company.

63. Due to the unreasonably high amount of bail imposed, Plaintiff was involuntarily detained after his criminal arraignment.

64. The conditions of Plaintiff's bail imposed various restrictions on his post arraignment liberty and freedom of movement, including his ability own firearms and to travel out of the Florida and myriad other rights that are normally afforded a citizen of the United States and of the State of Florida.

65. After being unlawfully detained against his will after legal process had attached, Plaintiff was finally released on bail.

66. Thereafter Plaintiff was compelled to return to court to contest the patently spurious criminal charges that were unscrupulously levied against him by defendants, Morera, Sudano, Perez, and/or CCSO DOEs 1-4.

67. On, or about, December 21, 2020, Assistant State Attorney Sabsina N. Karimi, filed a criminal information against Plaintiff, formally charging him with Resisting/Obstructing Officer Without Violence, a First-Degree Misdemeanor.

68. Said criminal information was predicated on the false, misleading or incomplete information forwarded by defendants, including the misdemeanor of, namely that Plaintiff intentionally took an aggressive stance towards Defendants Morera, Sudano, and Perez, against their will or intentionally caused bodily harm to Defendants Morera, Sudano, and Perez, while they were engaged in the lawful performance of their duties as law enforcement officers.

69. Defendants, including Rambosk, Morera, Sudano, Perez, and/or CCSO DOEs 1-4, arrested and caused a criminal prosecution to be initiated against Plaintiff, not because he committed any crimes or violations of the law, but because of their desire to incur favor and to continue their lucrative business relationships with Defendants Tallides and Cavo, as well as the other restaurants, lounges or bars within the Mercato, including Blue Martini and Burn.

70. Defendants, including Rambosk, Morera, Sudano, Perez, and/or CCSO DOEs 1-4, sought the favor of the aforementioned individuals and business entities, because they provide the defendants from the CCSO with additional compensation or benefits, beyond or in addition to those afforded by the CCSO and Collier County.

71. Accordingly, Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4 were disincentivized from taking any action against, or not explicitly or tacitly approved by, Defendants, Tallides, and Cavo.

72. At the time of Plaintiff's arrest, the Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, while ostensibly on duty and in uniform, were being additionally supervised, directed and compensated by Defendant Tallides or other employees of Cavo Lounge and Cavo.

73. Defendants Rambosk, Morera, Sudano, Perez, and/or CCSO DOEs 1-4 perpetrated the aforementioned violations of Plaintiff's civil rights, including his false arrest, false imprisonment, assault, battery and malicious prosecution, so that their employers, Defendants Cavo and Tallides, would incur substantial benefits, namely that Defendants Cavo and Tallides and their establishment enjoy the protection of officers of the CCSO and that any individual deemed to act in an unsatisfactory or offensive manner toward Defendants Cavo and Tallides will be subject to arrest, criminal prosecution and the use of force, regardless of any violation of the law actually occurring.

74. Plaintiff was falsely arrested, assaulted, battered, subjected to the use of excessive force and maliciously prosecuted by Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, pursuant to pre-arranged plan between the CCSO and Defendants Cavo and Tallides and in which Defendants Cavo, and Tallides would employ and compensate CCSO employee officers, in consideration for the CCSO employee officers taking direction and orders from

Defendants, Cavo and Tallides thereby substituting their own judgment for that of Defendants, Cavo, and Tallides.

75. Defendants, Morera, Sudano, Perez, and/or CCSO DOEs 1-4, arrested and detained Plaintiff with the full knowledge that he committed no crimes or violations of the law.

76. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, never observed Plaintiff to commit crimes or violations of the law, including Resisting a Law Enforcement Officer Without Violence, Disorderly Conduct or Disorderly Intoxication.

77. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4never possessed probable cause or reasonable suspicion to believe that Plaintiff committed any crimes or violations of the law, including Resisting a Law Enforcement Officer Without Violence, Disorderly Conduct or Disorderly Intoxication.

78. Plaintiff was compelled to contest the unfounded criminal charges against him.

79. Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4, observed one another utilizing excessive force during Plaintiff's unlawful arrest, had an opportunity and duty to intervene, and failed to intervene.

80. Plaintiff asserts that the aforementioned unlawful acts committed by Defendants Morera, Sudano, Perez, and/or CCSO DOEs 1-4 are representative of a pervasive policy, custom or pattern and practice within the CCSO, tacitly authorized by Defendant Rambosk.

81. Upon information and belief, the CCSO and its respective policy and decision makers and supervisors have imposed, acquiesced or were deliberately indifferent to policies or customs within the CCSO that resulted in the violations of Plaintiff's Constitutional rights, including the explicit or tacit approval of the individual CCSO defendants' employment arrangement with Cavo Lounge to provide additional security, the assignment of CCSO defendants to

maintain crowd control, who were obviously unfit for such an assignment involving significant interaction with members of the public, and the failure to correct the known Constitutionally violative behavioral proclivities of the individual CCSO defendants prior to putting them in positions for such violations to recur.

82. At all times here mentioned, Defendants Rambosk, Morera, Sudano, Perez, and/or CCSO DOEs 1-4 and Tallides were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Naples, Collier County and State of Florida.

83. Plaintiff has complied with all required conditions precedent prior to commencing the instant action and claims, including those set forth by Florida Statute Chapter 768.

84. As a direct and proximate result of the acts of Defendants, Plaintiff sustained the following injuries and damages: deprivations of his rights pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, violations of the laws and constitution of the State of Florida, loss of liberty, reputational harm, monetary loss, physical injury, physical pain and suffering, as well as emotional and psychological trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

## **FIRST CAUSE OF ACTION**
False Arrest Under Florida Law
Against *Defendants Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against *Defendants County and Rambosk*, in his Official Capacity

85. Plaintiff re-alleges and re-avers Paragraph 1-33, 36, 39, 40, 43, 44, 46, 47, 54-57, 59-61, 63, 65, 74-76, 82-84 of this Complaint, as if fully set forth herein.

86. Defendants Morera, Sudano, Perez, CCSO Does 1-4 unlawfully restrained Plaintiff without legal authority and against his will by twisting his arms behind his back, handcuffing him and confining him to a jail cell.

87. Defendants Morera, Sudano, Perez, CCSO Does 1-4subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

88. Plaintiff was conscious of his confinement.

89. Plaintiff did not consent to his confinement.

90. Plaintiff's arrest and false imprisonment were not otherwise privileged.

91. Defendants Morera, Sudano, and Perez acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for Plaintiff's rights.

92. Alternatively, and to the extent that Defendants Morera, Sudano, Perez, CCSO Does 1-4 did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for Plaintiff's rights, Plaintiff alleges that Defendants acted within the scope of their employment.

93. Defendants, County, Rambosk, Cavo and Tallides as the employers of the Defendants Morera, Sudano, and Perez are responsible for their wrongdoings, under the doctrines of *respondeat superior* and vicarious liability.

94. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

95. This is a state law claim for damages in excess of the jurisdictional amount.

## SECOND CAUSE OF ACTION

False Imprisonment Under

Florida Law Against *Defendants Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against Defendants *County and Rambosk*, in his Official Capacity

96. Plaintiff re-alleges and re-avers Paragraph 1-33, 36, 39, 40, 43, 44, 46, 47, 54-57, 59-61, 63, 65, 74-76, 82-84 of this Complaint, as if fully set forth herein.

97. Defendants Morera, Sudano, Perez, and CCSO Does 1-4 unlawfully restrained Plaintiff without legal authority and against his will by twisting his arms behind his back, handcuffing him and confining him to a jail cell.

98. Defendants Morera, Sudano, Perez, and CCSO Does 1-4 subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

99. Plaintiff was conscious of his confinement.

100. Plaintiff did not consent to his confinement.

101. Plaintiff's arrest and false imprisonment were not otherwise privileged.

102. Defendants Morera, Sudano, Perez, and CCSO Does 1-4 acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for Plaintiff's rights.

103. Alternatively, and to the extent that Defendants Morera, Sudano, and Perez did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for Plaintiff's rights, Plaintiff alleges that Defendants acted within the scope of their employment.

104. Defendants, County, Rambosk, Cavo and Tallides, as the employers of the Defendants Morera, Sudano, Perez, and CCSO Does 1-4, are responsible for their wrongdoings, under the doctrines of *respondeat superior* and vicarious liability.

105. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

106. This is a state law claim for damages in excess of the jurisdictional amount.

## THIRD CAUSE OF ACTION

False Arrest Under

42 U.S.C. § 1983 Against *Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their
individual capacities and Against *Defendants County and Rambosk*, in his
Official Capacity

107.     Plaintiff re-alleges and re-avers Paragraph 1-33, 36, 39, 40, 43, 44, 46, 47, 54-57, 59-61,

63, 65, 74-76, 82-84 of this Complaint, as if fully set forth herein.

108.     Defendants Morera, Sudano, Perez, CCSO Does 1-4, Cavo, Tallides, County and Rambosk

violated the Fourth and Fourteenth Amendments to the Constitution of the United States by

intentionally, wrongfully and illegally grabbing, seizing, handcuffing, arresting, detaining and

imprisoning Plaintiff.

109.     Defendants Morera, Sudano, Perez, CCSO Does 1-4 deliberately restrained Plaintiff

without legal authority and against his will by twisting his arms behind his back, rear

handcuffing him and confining him to a jail cell.

110.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent,

and without probable cause or reasonable suspicion.

111.     At all relevant times, Defendants Morera, Sudano, Perez, CCSO Does 1-4 acted forcibly in

apprehending, arresting, and imprisoning Plaintiff.

112.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## FOURTH CAUSE OF ACTION

False Imprisonment Under

42 U.S.C. § 1983 *Against Defendants Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against Defendants *County and Rambosk*, in his Official Capacity

113.    Plaintiff re-alleges and re-avers Paragraph 1-33, 36, 39, 40, 43, 44, 46, 47, 54-57, 59-61, 63, 65, 74-76, 82-84 of this Complaint, as if fully set forth herein.

114.    Defendants Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides, County and Rambosk violated the Fourth and Fourteenth Amendments to the Constitution of the United States by intentionally, wrongfully and illegally grabbing, seizing, handcuffing, arresting, detaining and imprisoning Plaintiff.

115.    Defendants Morera, Sudano, Perez, and CCSO Does 1-4, deliberately restrained Plaintiff without legal authority and against his will by twisting his arms behind his back, rear handcuffing him and confining him to a jail cell.

116.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

117.    At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4 acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

118.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION CAUSE OF ACTION
Battery Under
Florida Law Against *Defendants Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against *Defendants County and Rambosk*, in his Official Capacity

119.    Plaintiff re-alleges and re-avers Paragraph 1-31, 33, 37, 38, 39, 40, 74, 82-84 of this Complaint, as if fully set forth herein.

120.    At all relevant times, Defendants Morera, Sudano, Perez, CCSO Does 1-4caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive physical contact.

121.    Defendants Morera, Sudano, Perez, CCSO Does 1-4intentionally engaged in and subjected Plaintiff to immediate harmful or offensive physical contact and battered him without his consent or legal justification to do so.

122.    Defendants Morera, Sudano, Perez, CCSO Does 1-4punched, kicked, aggressively grabbed, twisted and contorted Plaintiff's other arm behind his back, using said arm as the focal point to violently push and maneuver Plaintiff to another location, causing Plaintiff to suffer substantial pain and injury to said arm.

123.    Defendants Morera, Sudano, Perez, CCSO Does 1-4applied handcuffs to Plaintiff's wrists while behind his back in an excessively tight fashion, causing Plaintiff to endure substantial pain and suffering.

124.    Defendants Morera, Sudano, Perez, CCSO Does 1-4intentionally and forcefully struck Plaintiff's face with no justification or legitimate reason to do so.

125.    Due to the intentional, willful and unlawful acts of Defendants Morera, Sudano, Perez, CCSO Does 1-4, Plaintiff suffered damages.

126.    Defendants Morera, Sudano, Perez, CCSO Does 1-4acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for Plaintiff's rights.

127.    Alternatively, and to the extent that Defendants Morera, Sudano, Perez, CCSO Does 1-4, did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for Plaintiff's rights, Plaintiff alleges that Defendants Morera, Sudano, Perez, CCSO Does 1-4, acted within the scope of their employment.

128.    Defendants, County, Rambosk, Cavo and Tallides, as the employers of the Defendants Morera, Sudano, Perez, CCSO Does 1-4 are responsible for their wrongdoings, under the doctrines of *respondeat superior* and vicarious liability.

129.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

130.    This is a state law claim for damages in excess of the jurisdictional amount.

### SIXTH CAUSE OF ACTION
Assault Under Florida Law
*Against* Defendants *Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against *Defendants County and Rambosk*, in his Official Capacity

131.    Plaintiff incorporates Paragraphs 1-31, 33, 37, 38, 39, 40, 74, 82-84 of this Complaint, as if fully set forth herein.

132.    At all relevant times, Defendants Morera, Sudano, Perez, CCSO Does 1-4 caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive physical contact.

133.    Defendants Morera, Sudano, Perez, CCSO Does 1-4 intentionally engaged in and subjected Plaintiff to immediate harmful or offensive physical contact and battered him without his consent or legal justification to do so.

134.   Defendant Morera, Sudano, Perez, CCSO Does 1-4 continuously screamed and threatened Plaintiff before they Defendants Morera, Sudano, Perez, CCSO Does 1-4 struck, punched and kicked, causing Plaintiff to suffer substantial pain and injury.

135.   Defendants Morera, Sudano, Perez, CCSO Does 1-4 applied handcuffs to Plaintiff's wrists while behind his back in an excessively tight fashion, causing Plaintiff to endure substantial pain and suffering.

136.   Defendants Morera, Sudano, Perez, CCSO Does 1-4 intentionally and forcefully struck Plaintiff all about his body and head with no justification or legitimate reason to do so, despite Plaintiff causing no resistance from the onset.

137.   Due to the intentional, willful and unlawful acts of Defendants Morera, Sudano, Perez, CCSO Does 1-4, Plaintiff suffered damages.

138.   Defendants Morera, Sudano, Perez, CCSO Does 1-4, acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for Plaintiff's rights.

139.   Alternatively, and to the extent that Defendants Morera, Sudano, Perez, CCSO Does 1-4 did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for Plaintiff's rights, Plaintiff alleges that they acted within the scope of their employment by the CCSO, as law enforcement officers.

140.   Defendants Rambosk, County, Cavo, and Tallides as the employers of the individual defendants, are responsible for their wrongdoings, pursuant to the doctrines of *respondeat superior* and vicarious liability.

141.   As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

142.   This is a state law claim for damages in excess of the jurisdictional amount.

## SEVENTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Defendants *Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against Defendants *County and Rambosk*, in his Official Capacity

143.    Plaintiff re-alleges and re-avers Paragraph 1-31, 33, 37, 38, 39, 40, 74, 82-84 of this Complaint, as if fully set forth herein.

144.    Defendants Morera, Sudano, Perez, CCSO Does 1-4, violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used excessive and unreasonable force without Plaintiff's consent.

145.    Defendants Morera, Sudano, Perez, CCSO Does 1-4engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

146.    Defendants Morera, Sudano, Perez, CCSO Does 1-4 violently punched, kicked and struck Plaintiff all about his body, face and head with their closed fists and various hard objects defendants were equipped with, including their flashlights and metal handcuffs, all causing Plaintiff to suffer substantial pain and injury to his person.

147.    Defendants Morera, Sudano, Perez, CCSO Does 1-4 applied handcuffs to Plaintiff's wrists while behind his back in an excessively tight fashion, causing Plaintiff to endure substantial pain and suffering.

148.    Defendants, County, Rambosk, Cavo and Tallides, as the employers of the Defendants Morera, Sudano, Perez, CCSO Does 1-4, are responsible for their wrongdoings, under the doctrines of *respondeat superior* and vicarious liability

149.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGTH CAUSE OF ACTION

Malicious Prosecution Under

Florida Law Against *Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against Defendants *County and Rambosk*, in his Official Capacity

150.    Plaintiff re-alleges and re-avers Paragraph 1-32, 35, 39, 40-45, 53, 54, 56, 58, 59, 62, 64-69, 76, 78, 82-84 of this Complaint, as if fully set forth herein.

151.    An original judicial proceeding was commenced, against Plaintiff, in the form of a criminal prosecution within the Circuit Court of the Twentieth Judicial Circuit in, and for, Collier County, Florida, under case number 20-MM-1942-(RC).

152.    Defendants Rambosk, Morera, Sudano, Perez, CCSO Does 1-4, were the legal causes of the original judicial proceeding, as each forwarded spurious information and false statements to prosecutors, caused false police reports to be filed or offered false statements that wrongly accused Plaintiff of the crimes of Resisting or Obstructing an Officer without Violence and Disorderly Intoxication.

153.    The termination of the original judicial proceeding was on the merits due solely to Plaintiff's innocence, regarding all criminal charges.

154.    There was an absence of probable cause for the original proceeding against Plaintiff, as he had committed no crimes or violations of the law.

155.    Defendants Morera, Sudano, Perez, CCSO Does 1-4 lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

156.    Defendants Morera, Sudano, Perez, CCSO Does 1-4 acted with malice, which may be inferred in the absence of probable cause.

157.    Due to the intentional, willful and unlawful acts of Defendants Morera, Sudano, and Perez, Plaintiff suffered significant damages.

158.    Defendants Morera, Sudano, Perez, CCSO Does 1-4acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for Plaintiff's rights.

159.    Defendants County and Rambosk as the employers of individual Defendants, Morera, Sudano, Perez, CCSO Does 1-4 are responsible for their wrongdoings under the doctrines of *respondeat superior* and vicarious liability.

160.    Defendants Cavo and Tallides, as the employers of individual Morera, Sudano, Perez, CCSO Does 1-4are responsible for their wrongdoings under the doctrines of *respondeat superior* and vicarious liability.

161.    Defendants Morera, Sudano, Perez, CCSO Does 1-4 conferred with each other regarding the fabrication of fictious evidence, the suppression of exculpatory evidence, as well the manner and means by which said fabrications would be forwarded to prosecutors.

162.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

163.    This is a state law claim for damages in excess of the jurisdictional amount.


### NINTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Defendants *Morera, Sudano, Perez, CCSO Does 1-4, Cavo, and Tallides* in their individual capacities and Against Defendants *County and Rambosk*, in his Official Capacity


164.    Plaintiff re-alleges and re-avers Paragraph 1-32, 35, 39, 40-45, 53, 54, 56, 58, 59, 62, 64-69, 76, 78, 82-84 of this Complaint, as if fully set forth herein.

165.    An original judicial proceeding was commenced, against Plaintiff, in the form of a criminal prosecution within the Circuit Court of the Twentieth Judicial Circuit in, and for, Collier County, Florida, under case number 20-MM-1942-(RC).

166.   Defendants were the legal causes of the original judicial proceeding, as each forwarded spurious information to prosecutors, caused false police reports to be filed or offered false statements that wrongly accused Plaintiff of the crimes of Resisting or Obstructing an Officer without Violence and Disorderly Intoxication.

167.   The termination of the original judicial proceeding was due solely to Plaintiff's innocence, regarding all criminal charges.

168.   There was an absence of probable cause for the original proceeding.

169.   Defendants Morera, Sudano, Perez, and CCSO Does 1-4 lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

170.   Defendants Morera, Sudano, Perez, and CCSO Does 1-4 acted with malice.

171.   In the absence of probable cause, malice may be inferred.

172.   Due to the intentional, willful and unlawful acts of Defendants Morera, Sudano, Perez, and CCSO Does 1-4 Plaintiff suffered significant damages.

173.   Defendants Morera, Sudano, and Perez violated Plaintiff's Fourth and Fourteenth Amendment rights by causing Plaintiff to have bail set in the amount of Eight Thousand USD ($8,000.00), to remain incarcerated after his arraignment, to have restrictions placed upon his liberty and freedom of movement, and to return to court and contest the charges remaining against him after his arraignment.

174.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**TENTH CAUSE OF ACTION**
Governmental "*Monell*" Liability Under
42 U.S.C. § 1983 Against *Defendants County* and Rambosk

175.    Plaintiff re-alleges and re-avers Paragraph 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84 of this Complaint, as if fully set forth herein.

176.    A policy or custom of Defendant Rambosk, as Sheriff of the CCSO, an agent and subdivision of Defendant County, was the moving force behind the constitutional deprivations, damages, and injuries suffered by Plaintiff

177.    Defendants County and Rambosk maintained official or unofficial policies, customs or practices that caused Plaintiff to be deprived of his Constitutional rights.

178.    At all relevant times, Defendant Rambosk, as Sheriff of the CCSO, spoke with final policymaking for the CCSO.  In this capacity, Defendant Rambosk was acting as an official of Defendant County.

179.    Defendant County and Rambosk instituted, fostered, and maintained a permanent and well-settled practice which exhibited a deliberate indifference to citizens' constitutional rights and developed a culture of excessive force among its Sheriff's Deputies, including Defendants Morera, Sudano, Perez, and CCSO Does 1-4. This policy included excessive and unreasonable militarization of Sheriff's Deputies and an emphasis on aggressive, violent behavior on the part of Sheriff's Deputies during encounters with citizens. Deputies then initiated criminal prosecutions against their citizen-victims for offenses such as battery on a law enforcement officers, resisting an officer with and without violence, and other species of "obstruction of justice" type offenses to justify their otherwise unlawful actions.

180.    These policies or practices were so persistent, widespread, and repetitious that County's policymaker Defendant Rambosk, and other County Officials, knew of it or should have known

of it.  Despite having such notice, Defendant County and Rambosk took no action to correct or remedy the above-described policy or practice.

181.    At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4were acting pursuant to the above-described policy or practice.

182.    Defendants County and Rambosk were aware of the individual CCSO defendants' propensities to arrest individuals without probable cause and to apply excessive force during arrests and failed to take any action to correct such behavior. Specifically, Defendants County and Rambosk were aware and/or put on notice of the individual CCSO defendants' unlawful propensities due to prior lawsuits, psychological exams, civilian complaints, internal performance reviews, internal whistleblowers, or their own personal observations.

183.    Defendants County and Rambosk were aware of similar incidents[1], occurring   outside of Cavo Lounge, Blue Martini and/or Burn which are located at Mercato Plaza in which CCSO officers violently attacked and arrested a similarly defenseless victims without probable cause. Additionally, Defendant Sudano is also a named Defendant in a Federal Lawsuit stemming from a June 8, 2020 incident involving similar allegations of excessive force, assault, and battery.  Furthermore, in 2015, Defendants County and Rambosk were named in a federal lawsuit which was eventually settled, in which Plaintiff alleged Excessive Force by CCSO deputies; Malicious Prosecution by CCSO deputies; False Arrest/False Imprisonment by CCSO deputies; Battery by CCSO deputies; Failure to Train or Supervise by Collier County and Sheriff Rambosk[2].

---

[1] JEAN MILFORT and TIFFANY MILFORT v COLLIER COUNTY et al., Case No. 2:21-cv-366SPC;
  JORGE SANGUINETTI v COLLIER COUNTY et al.,  Case No. 2:21-cv-529-JLB-MRM
  FABIANO PINTO v COLLIER COUNTY et al., Case No. 2:19-cv-00551-TPB-MRM
[2] C.P. by & through Perez v. Collier Cnty., (M.D. Fla. 2015) (Case No: 2:15-cv-238-FtM-29CM)

184.    Despite Defendants' County and Rambosk knowledge regarding the individual CCSO defendants' severe deficiencies and unsuitability for employment as law enforcement officers, especially in situations involving interactions with members of the public, defendants have demonstrated their deliberate indifference towards the rights of those who may come into contact with the individual CCSO defendants by assigning them to interact with members of the public in a crowd control situation without first correcting their violative predilections.

185.    Defendants' County and Rambosk failure to take any action to correct the Constitutionally offensive behavior of the individual CCSO defendants is tantamount to their tacit approval or their deliberate indifference towards such misconduct.

186.    At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4 were acting pursuant to the above-described policy or practice

187.    As a direct and proximate result of result of the foregoing policy, custom, or practice, including failures to correct or remedy, Plaintiff was deprived of his constitutional rights and sustained the damages hereinbefore alleged.

## **ELEVENTH CAUSE OF ACTION**
Governmental "*Monell*" Liability for Failure to Train or Supervise Under
42 U.S.C. § 1983 Against *Defendants Rambosk and County*

188.    Plaintiff re-alleges and re-avers Paragraph 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183 of this Complaint, as if fully set forth herein.

189.    Defendants Morera, Sudano, Perez, and CCSO Does 1-4 violated Plaintiff's Constitutional rights to be free from an unreasonable seizure of the person and to be free from the use of excessive, unreasonable, and unjustified force.

190.    At all relevant times, Defendants Morera, Sudano, and Perez were not adequately trained or supervised in the use of force, including the manner/use of properly applying the use of force, apprehending individuals, deescalating situations.

191.    Defendants Morera, Sudano, and Perez were involved in prior instances of unconstitutional conduct similar to their violations of Plaintiff's rights in this case. For instance, CCSO deputies have been involved in incidents featuring the unnecessary use of force as articulated in paragraph 52 and 183.

192.    Defendant Rambosk, Defendant County's official policymaker, and/or other County officials knew or should have known, based on these prior incidents, that additional training or supervision was needed to avoid unreasonable seizures of the person and/or the use of excessive, unreasonable, and unjustified force from likely recurring in the future.

193.    Defendant Rambosk, Defendant County's official policymaker, and/or other County officials, made a deliberate choice not to provide additional training or supervision to Defendants Morera, Sudano, Perez, and CCSO Does 1-4.

194.    As a direct and proximate result of the foregoing failure to train or supervise, Plaintiff was deprived of his constitutional rights and sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Supervisory Liability for Failure to Correct Under
42 U.S.C. § 1983 Against *Rambosk*

195.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183 above as if fully set forth herein.

196.    Defendants Morera, Sudano, Perez, and CCSO Does 1-4 violated Plaintiff's Constitutional rights to be free from an unreasonable seizure of the person and to be free from the use of excessive, unreasonable, and unjustified force.

197.   At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4served as Defendant Rambosk's subordinates.

198.   During Defendant Rambosk's tenure as Sheriff, a history of widespread abuse within the Collier County Sheriff's Office as to the improper and unjustified use of force was obvious, flagrant, rampant, and of continued duration.  This included but is not limited to the policy or custom of a) failing to use de-escalation techniques, instead escalating non-violent encounters by deploying unnecessary forms of violence, b) failing to use a reasonable amount of force, instead of brutally battering individuals, such as Plaintiff in this case, c) Unnecessary deployment of tasers and/or OC spray.

199.   Numerous incidents, including prior lawsuits and the incidents involving CCSO deputies described in paragraphs 52 and 183 above, put Defendant Rambosk on notice of the need to take corrective action.

200.   Prior incidents, as well as the above-described history of widespread abuse, also put Defendant Rambosk on notice that Defendants Morera, Sudano, Perez, and CCSO Does 1-4as well as other Deputies, were likely to violate citizens' rights to be free from an unreasonable seizure of the person and to be free from the use of excessive, unreasonable, and unjustified force.

201.   Despite having such notice, Defendant Rambosk took no remedial or corrective action.

202.   As a direct and proximate result of the foregoing failure act, Plaintiff was deprived of his constitutional rights and sustained the damages hereinbefore alleged.

### THIRTEENTH CAUSE OF ACTION
Supervisory Liability Under for Failure to Train
42  U.S.C. § 1983 Against *Defendant Rambosk*

203.  Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183above as if fully set forth herein.

204.  Defendants Morera, Sudano, Perez, and CCSO Does 1-4 violated Plaintiff's Constitutional rights to be free from an unreasonable seizure of the person and to be free from the use of excessive, unreasonable, and unjustified force.

205.  At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4were not adequately trained or supervised in the use of force.

206.  Defendants Morera, Sudano, and Perez were involved in prior instances of unconstitutional conduct similar to their violations of Plaintiff's rights in this case.  For instance, CCSO deputies have been involved in incidents featuring the unnecessary use of force, improper/unreasonable use of force, improper arrest, and improper deployment or attempted deployment of a tasers as articulated in paragraph 52 and 183. unnecessary use of force,

207.  Defendant Rambosk knew or should have known, based on these prior incidents, that additional training or supervision was needed to avoid unreasonable seizures of the person and/or the use of excessive, unreasonable, and unjustified force from likely recurring in the future.

208.  As Sheriff, Defendant Rambosk is ultimately responsible for properly training and supervising his Deputies, including Defendants Morera, Sudano, and Perez

209.  Defendant Rambosk made a deliberate choice not to provide additional training or supervision to Defendants Morera, Sudano, Perez, and CCSO Does 1-4.

210.  As a direct and proximate result of the foregoing failure to train or supervise, Plaintiff was deprived of his constitutional rights and sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Corporate "*Monell*" Liability Under
42 U.S.C. § 1983 Against *Defendant Cavo*

211.    Plaintiff re-alleges and re-avers Paragraph 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183 of this Complaint, as if fully set forth herein.

212.    Defendant *Cavo* maintained official or unofficial policies, customs or practices that was the moving force behind the constitutional deprivations, damages, and injuries suffered by Plaintiff.

213.    At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4 served as Defendant Cavo's subordinates.

214.    Defendant Cavo adopted, instituted, fostered, and maintained a permanent and well-settled practice which exhibited a deliberate indifference to citizens' constitutional rights and developed a culture of excessive force among its employees, including Defendants Morera, Sudano, and Perez.  This policy included excessive and unreasonable militarization of security staff/deputy employees and an emphasis on aggressive, violent behavior on the part of its employees during encounters with citizens, including the unnecessary deployment of conducted energy devices. Pursuant to this policy, Cavo's security staff/deputy employees escalated non-violent encounters by deploying unnecessary forms of violence. Security staff/deputy employees then initiated criminal prosecutions against their citizen-victims for offenses such as battery on a law enforcement officers, resisting an officer with and without violence, and other species of "obstruction of justice" type offenses to justify their otherwise unlawful actions.

215.   These policies or practices were so persistent, widespread, and repetitious that Cavo, knew of it or should have known of it.  Despite having such notice, Defendant Cavo took no action to correct or remedy the above-described policy or practice.

216.   At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4were acting pursuant to the above-described policy or practice.

217.   Defendant Cavo was aware of the individual CCSO defendants' propensities to arrest individuals without probable cause and to apply excessive force during arrests and failed to take any action to correct such behavior. Specifically, Defendants County and Rambosk were aware and/or put on notice of the individual CCSO defendants' unlawful propensities due to prior lawsuits, personal observations, and incidents detailed in paragraphs 52 and 183 above.

218.   Defendants Cavo were or should have been aware of similar incidents, such as those detailed in paragraphs 52 and 183 above.

219.   At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4were acting pursuant to the above-described policy or practice

220.   As a direct and proximate result of the foregoing policy, custom, or practice, including failures to correct or remedy, Plaintiff was deprived of his constitutional rights and sustained the damages hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Governmental "*Monell*" Liability for Failure to Train or Supervise Under
42 U.S.C. § 1983 Against *Defendants Cavo*

221.   Plaintiff re-alleges and re-avers Paragraph 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183 of this Complaint, as if fully set forth herein.

222.    Defendants Morera, Sudano, Perez, and CCSO Does 1-4 violated Plaintiff's Constitutional rights to be free from an unreasonable seizure of the person and to be free from the use of excessive, unreasonable, and unjustified force.

223.    At all relevant times, Defendants Morera, Sudano, Perez, and CCSO Does 1-4 were not adequately trained or supervised in the use of force, including the manner/use of properly applying the correct use of force, properly apprehending individuals, properly deescalating situations, properly arresting individuals, or properly using conducted devices ("tasers").

224.    Defendants Morera, Sudano, and Perez were involved in prior instances of unconstitutional conduct similar to their violations of Plaintiff's rights in this case.  For instance, CCSO deputies have been involved in incidents featuring the unnecessary use of force, improper/unreasonable use of force, improper arrest, and improper deployment or attempted deployment of a tasers as articulated in paragraph 52 and 183.

225.    Defendant Cavo knew or should have known, based on these prior incidents, that additional training or supervision was needed to avoid unreasonable seizures of the person and/or the use of excessive, unreasonable, and unjustified force from likely recurring in the future.

226.    Defendant Cavo made a deliberate choice not to provide additional training or supervision to Defendants Morera, Sudano, Perez, and CCSO Does 1-4

227.    As a direct and proximate result of the foregoing failure to train or supervise, Plaintiff was deprived of his constitutional rights and sustained the damages hereinbefore alleged.

**<u>SIXTEENTH CAUSE OF ACTION</u>**
Failure to Intervene Under
42 U.S.C. § 1983 *Against, Morera, Sudano, Perez, and CCSO Does 1-4* in their individual capacities

228.    Plaintiff re-alleges and re-avers Paragraph 1-24, 26-31, 33, 37, 38, 39, 40, 74, 79, 82-84

this Complaint, as if fully set forth herein.

229.    Defendants that were present but did not actively participate in the aforementioned

unlawful conduct, namely the aforementioned use of excessive force, observed such conduct,

had an opportunity and the capability to prevent such conduct, had a duty to intervene and

prevent such conduct, and failed to intervene.

230.    Accordingly, the Defendants who failed to intervene, violated the Fourth and

Fourteenth Amendments to the United States Constitution.

231.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

**SEVENTEENTH CAUSE OF ACTION**
Negligent Supervision Under
Florida Law Against *Defendants County, Rambosk & Cavo*

232.    Plaintiff re-alleges and re-avers Paragraph 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183

of this Complaint, as if fully set forth herein.

233.    Defendants County, Rambosk, and Cavo owed a duty to the those who may come into with

Morera, Sudano, Perez, and CCSO Does 1-4, to properly and adequately retain and supervise

the Morera, Sudano, and Perez to ensure that they remained fit for employment in a position

requiring interaction members of the public, suitable for an assignment involving crowd

control or as law enforcement officers and failed to do so.

234.    Before Plaintiff was subjected to assault, battery, and the use of excessive force Morera,

Sudano, Perez, and CCSO Does 1-4, Defendants County, Rambosk, and Cavo knew, or should

have known, that the individual Morera, Sudano, and Perez were not fit for employment as law

enforcement officers, or in general, particularly not to handle crowd control situations, or to

interact with members of the public, and Defendants failed to take any action, such as an investigation, reassignment, discipline, or discharge.

235.    Defendants County, Rambosk, and Cavo placed Morera, Sudano, Perez, and CCSO Does 1-4 in a position where they could inflict foreseeable harm.

236.    As detailed in paragraph 52 and 183, Defendants County, Rambosk, and Cavo knew or should have known of Morera, Sudano, and Perez propensity for violating the individual rights granted under the United States Constitution and the laws of the State of Florida, prior to the injuries incurred by Plaintiff.

237.    Defendants County, Rambosk, and Cavo failed to take reasonable measures in supervising Morera, Sudano, and Perez that would have prevented the aforesaid injuries to Plaintiff. Specifically, despite being on notice of the incidents detailed in paragraph 52 and 183, Defendants County, Rambosk, and Cavo failed to properly investigate, discharge, terminate, reassign or implement any reasonable measures to prevent such incidents from occurring.

238.    Defendants County, Rambosk, and Cavo breached their duty by failing to appropriately supervise Morera, Sudano, and Perez, especially in light other similar incidents described in paragraph 52 and 183.

239.    As a direct and proximate result of this breach, Plaintiff, was assaulted, battered and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

240.    This is a state law claim for damages in excess of the jurisdictional amount.

## EIGTHEENTH CAUSE OF ACTION
Negligent Training Under
Florida Law Against *Defendants County, Rambosk & Cavo*

241.    Plaintiff re-alleges and re-avers Paragraph 1-32, 39, 40, 43-53, 55, 56, 68-74, 81-84, 183

of this Complaint, as if fully set forth herein.

242.    Defendant County, Rambosk, and Cavo, hired Morera, Sudano, Perez, and CCSO Does 1-

4reasonably anticipating and expecting that they would foreseeably and likely interact with

members of the public in crowd control situations as a foreseeable part of their duties as police

officers and/or security personnel, and therefore the Defendant County, Rambosk, and Cavo

owed a duty to the Plaintiff, to adequately and sufficiently train its officers and/or security

personnel including Morera, Sudano, Perez, and CCSO Does 1-4,  so that they could

competently handle crowd control situations and interact with members of the public, so as to

avoid unnecessary injury to members of the public.

243.    Defendant County, Rambosk, and Cavo, failed to adequately, sufficiently, and properly

train, prepare, and ready Morera, Sudano, Perez, and CCSO Does 1-4,  to competently and

satisfactorily handle their interaction with Plaintiff on November 29, 2020, when Morera,

Sudano, Perez, and CCSO Does 1-4 encountered Plaintiff, and due to Defendant County,

Rambosk, and Cavo's failure and breach with regard to their inadequate and necessary proper

training of their employees.

244.    It was in the zone of foreseeability that Defendant County, Rambosk, and Cavo should

have expected its officers and/or security personnel to handle crowd control situations and

interact with members of the public, therefore Morera, Sudano, Perez, and CCSO Does 1-4,'s

failures in the following regards are all employer training breaches proximately caused by the

Defendant County, Rambosk, and Cavo, carried out and forward by their employees and they include but are not limited to:

    a   Failing to use de-escalation techniques, instead escalating non-violent encounters by deploying unnecessary forms of violence.

    b   Failing to use a reasonable amount of force, instead of brutally battering Plaintiff.

    c   Unnecessary deployment of tasers and/or OC spray.

245.    The actions and breaches as alleged supra, in paragraph 243-244, that lead to Plaintiff's injuries, proximately caused by the negligence of Defendant County, Rambosk, and Cavo due to their failure to adequately train Morera, Sudano, Perez, and CCSO Does 1-4 to handle crowd control situations and interact with members of the public, such as Plaintiff, who would clearly fall within their zone of foreseeability in doing their jobs and carrying out their normal, expected, and anticipated duties as police officers and/or security personnel of County, Rambosk, and Cavo.

246.    This is a state law claim for damages in excess of the jurisdictional amount.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)    Awarding Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e)    Granting such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully

demanded.

Respectfully submitted,

  /s/ *Victor A. Ruiz*

Victor A. Ruiz, Esq.
Florida Bar No. 85353
**VICTOR A. RUIZ, P.A.**
8660 W. Flagler Street
Suite 100
Miami, Florida 33144
Email: Victor@ruiz.legal