UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT RODRIGUEZ,

    Plaintiff,

v.                                    Case No.:   2:23-cv-1103-SPC-KCD

KEVIN RAMBOSK, DELIANYS
MORERA, BRIAN N SUDANO,
MATTHEW PEREZ, SLR NAPLES
CORP., STERGIOS TALLIDES,
MITCHELL CAMPBELL,
ROBERTO GELATS, JOSHUA
ROBINSON and JENNIFER
TUCKER,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendants SLR Naples Corp. and Stergious Tallides' ("Cavo Defendants") Motion to Dismiss (Doc. 60); Defendants Rambosk, Morera, Sudano, and Perez's ("CCSO Defendants") Motion to Dismiss (Doc. 62); and Plaintiff Vincent Rodriguez's Responses (Docs. 64, 66). For the below reasons, the Court denies the motions.

This action stems from Plaintiff's arrest outside Cavo Lounge, a bar in Naples, Florida. Plaintiff alleges that he was at the bar with his brother and a friend when the friend was asked to leave because of his belligerent behavior. Outside the bar, officers informed the friend that he was trespassing. Plaintiff

then tried to speak with the officers and figure out what was happening with his friend. The officers responded by pushing Plaintiff towards a wall and arresting him. Plaintiff claims they then "shoved Plaintiff into a police car" and "punched Plaintiff in the face." (Doc. 57 ¶ 29). The officers next placed him in a jail holding cell, where another group of officers allegedly tortured him. Plaintiff claims he was "half-naked, sprayed with oc spray, struck, chained to the floor, and left to suffer the burns for an indiscriminate period of time." (Doc. 57 ¶ 31). Plaintiff was charged with resisting without violence. The state ultimately abandoned its case with a nolle prosequi. Plaintiff now sues the officers involved, the Collier County Sheriff, and the owner of Cavo Lounge under various state and federal law theories. Both the CCSO Defendants and the Cavo Defendants have moved to dismiss. (Docs. 60, 62).

The Court starts with the CCSO Defendants' motion (Doc. 62). The CCSO Defendants argue the amended complaint should be dismissed Sheriff because (1) it is a shotgun pleading and (2) the claims against the Sheriff are either brought in the wrong capacity or duplicative of other claims.[1]

First, the shotgun pleading arguments. Federal Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] The Court notes that some of the CCSO Defendants (Defendants Morera, Sudano, and Perez) may have forfeited their dismissal arguments by answering the original complaint. (Doc. 34). Because the Court takes up and rejects their arguments, it need not decide this issue.

2

Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff"s Off.*, 792 F.3d 1313, 13221-23 (11th Cir. 2015) (defining the four types of shotgun pleadings). The CCSO Defendants argue that the amended complaint is a shotgun pleading because it includes conclusory, vague, and immaterial facts and improperly lumps defendants together without a sufficient basis to distinguish their conduct. The Court disagrees.

While the amended complaint does include some conclusory, vague, and immaterial facts, it nonetheless sufficiently states its claims such that Defendants are on notice of the claims against them and the facts upon which each claim rests. The CCSO Defendants highlight that the amended complaint states Plaintiff's First and Sixth Amendment rights were violated but lacks any factual allegations regarding potential First and Sixth Amendment claims. This is not problematic, however, because Plaintiff ultimately does not bring any claim under the First or Sixth Amendment. Accordingly, the Court will simply strike the references to the First and Sixth Amendments rather than dismissing the complaint with prejudice. *See Denson v. Rambosk*, No. 2:21-CV-497-JES-NPM, 2022 WL 4367158, at *3 (M.D. Fla. Sept. 21, 2022) (opting to strike improper allegations rather than dismiss a complaint on shotgun pleading grounds).

The Court also disagrees that the amended complaint fails to sufficiently distinguish between each Defendants' conduct. In support of this argument, the CCSO Defendants point to essentially two portions of the amended complaint: allegations about whether the Sheriff's Office or Cavo Lounge employed the officers and allegations about who allegedly used excessive force against Plaintiff.

According to the CCSO Defendants, it is problematic that the amended complaint alleges the officers were employees of both the Sheriff's Office and Cavo Lounge. Plaintiff responds by pointing out that the allegation is pleaded in the alternative (that is, that the officers were employed by the Sheriff's Office "and/or" Cavo Lounge). The Court is also unsure why alleging that the Sheriff's Office and/or Cavo Lounge employed the officers is problematic at this stage. Afterall, Plaintiff's amended complaint centers around allegations that he was beaten up by officers while they were providing security at the Cavo Lounge and that this resulted from Sheriff's office's policies, customs, or practices (including past incidents outside of Cavo Lounge). So, the officers' alleged employment by both the Sheriff's Office and Cavo Lounge is seemingly pertinent to Plaintiff's claims.

The CCSO Defendants also argue that the amended complaint improperly lumps together allegations against all the officers by claiming they all used the same force against Plaintiff. But this is not a case where Plaintiff

4

asserts claims against "all defendants," such that each Defendant is not on fair notice of the allegations brought against them and the grounds on which they rest. *See Milfort v. Rambosk*, No. 2:21-CV-366-SPC-MRM, 2022 WL 138097, at *2 (M.D. Fla. Jan. 14, 2022) (rejecting group pleading against "all Defendants"). Rather, Plaintiff individually names each officer, stating that "Defendants Morera, Sudano, Perez, punched, kicked, aggressively grabbed, twisted and contorted Plaintiff's other arm behind his back" and that "Defendants Campbell, Gelats, Robinson, and Tucker . . . deployed oc spray on Plaintiff, struck Plaintiff, chained Plaintiff to the floor, and left Plaintiff to suffer the burns." (Doc. 57 ¶ 113, 113). At a later stage, Defendants may contest that each officer did all these things to Plaintiff. But they cannot claim at the pleadings stage that these allegations fail to put them on fair notice of the claims against them and their grounds. Nor is it consequential that Plaintiff asserts both excessive force and failure to intervene claims against all the officers involved. *See* Fed. R. Civ. P. 8(d) (allowing a Plaintiff to state alternative and inconsistent claims).

Relatedly, the CCSO Defendants argue that the amended complaint violates Rule 10(b) by lumping together claims against the defendants "founded on a separate transaction or occurrence." Fed. R. Civ. P. 10(b). Specifically, the CCSO Defendants take issues with counts five through seven that concern the officers' use of force against Plaintiff. These counts are

5

problematic, so the argument goes, because they are brought against all the officers together even though they encountered Plaintiff on separate occurrences (some outside the Cavo Lounge, some at the jail). But the CCSO Defendants' motion demonstrates that they are well aware of the claims asserted against each individual officer and the grounds upon which they rest, so separate pleading is not necessary to "promote clarity." *See* Fed. R. Civ. P 10(b); (Doc. 62 at 8) (specifically citing the amended complaint for allegations regarding which individual defendants encountered Plaintiff outside the Cavo Lounge versus those who encountered him at the jail).

Second, the individual or official capacity issues. The CCSO Defendants argue that Plaintiff has failed to properly plead whether he is suing the Sheriff in his individual or official capacity in counts twelve, thirteen, fifteen, and sixteen. In response, Plaintiff agrees to withdraw counts twelve and thirteen and clarifies that counts fifteen and sixteen are brought against the Sheriff in his official capacity. Accordingly, Defendants' arguments on this point are moot.

Next, the Cavo Defendants' motion (Doc. 60). The Cavo Defendants argue the claims against them should be dismissed because (1) the amended complaint is a shotgun pleading, (2) the officers were engaged in official police duties and not furthering private business interest, and (3) Plaintiff failed to

6

attach the alleged contract between the Cavo Lounge and CCSO Defendants for providing security.[2]

First, the Cavo Defendants' shotgun-pleading arguments overlap with those raised by CCSO Defendants. For the reasons stated above, the Court rejects them.

Second, the Court also rejects Cavo Defendants' argument that the officers were engaged in official police duties and not furthering their private business interests. This argument takes several forms—that Plaintiff had already left Cavo Lounge when the incident occurred, that placing someone under arrest is an exercise of official police duty, and that training officers is outside a private employer's authority. But this argument ignores the allegations in the amended complaint.

Plaintiff alleges that Cavo Defendants were responsible for the "hiring, training, supervision, and retention of police officers, sheriff's deputies, corporals, detectives, and supervisory officers, including the individually named CCSO Defendants herein, to provide additional security for Cavo Lounge in exchange for monetary compensation or other benefits." (Doc. 57 ¶ 14). He alleges that the first incident occurred "outside Cavo," not off the Cavo

---

[2] The Cavo Defendants also claim that "there is absolutely no factual basis offered to pierce the corporate veil and support individual liability for TALLIDES simply for being an owner/officer" of the Cavo Lounge. (Doc. 60 at 4). The Cavo Defendants do not mention this argument again in their motion or support it with authority. The Court will not consider this undeveloped argument.

Lounge's premises. (Doc. 57 ¶ 24). He alleges that the officers, "while ostensibly on duty and in uniform, were being additionally supervised, directed and compensated by" the Cavo Defendants. (Doc. 57 ¶ 62). He alleges the Cavo Defendants "enjoy the protection of officers" and incur a benefit in that "any individual deemed to act in an unsatisfactory or offensive manner" toward the Cavo Defendants is subject to force, arrest, and prosecution. (Doc. 57 ¶ 63). And, according to Plaintiff, this is the result of a "pre-arranged plan" in which the Cavo Defendants employ, direct, and compensate the officers. (Doc. 57 ¶ 64). He also claims that the Cavo Defendants breached a duty to train these officer employees "so that they could competently handle crowd control situations and interact with members of the public." (Doc. 57 ¶ 217). These allegations are sufficient at this stage of the proceedings to overcome the Cavo Defendants' argument that the officers were furthering official police business, not their own private interests, when the incident occurred.

Third, the Court rejects the Cavo Defendants' argument that dismissal is warranted because Plaintiff failed to attach the alleged contract between the Cavo Lounge and the CCSO Defendants. The Cavo Defendants invoke Florida Rule of Civil Procedure 1.130(a) for this argument. But the federal rules of procedure—not the Florida rules—govern this action. *See Acciard v. Whitney*, No. 207CV-476-FTM-34SPC, 2007 WL 4557256, at *1 (M.D. Fla. Dec. 21, 2007). And the federal rules do not require Plaintiff to attach any contract to

8

his pleading. *Id.* ("The Federal Rules of Civil Procedure (Federal Rules) do not contain a complimentary rule to Florida Rule 1.130 requiring contracts and documents to be attached to pleadings.").

Accordingly, it is

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 60, 62) are **DENIED**.

2. **On or before November 11, 2024,** Plaintiff must file a second-amended complaint that omits references to the First and Sixth Amendments, omits counts twelve and thirteen, and specifies that counts fifteen and sixteen are brought against the Sheriff in his official capacity.

**DONE** and **ORDERED** in Fort Myers, Florida on November 4, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record